The Honorable Robert F. Milligan Comptroller Department of Banking and Finance The Capitol Tallahassee, Florida 32399-0350
Dear Comptroller Milligan:
You have asked for my opinion on substantially the following question:
Under what circumstances does the State have a vested interest in causes of action that accrued during the period from July 1, 1986, to June 30, 1995, such that the Department of Banking and Finance would have the duty to pursue the collection of punitive damage awards under section 768.73(5), Florida Statutes?
In sum:
Pursuant to section 768.73(5), Florida Statutes, the Department of Banking and Finance is charged with collecting all payments due the state in any civil action in which punitive damages were awarded between July 1, 1986, and June 30, 1995.
Section 768.73, Florida Statutes, provided for limitations on punitive damage awards "[i]n any civil action based on negligence, strict liability, products liability, misconduct in commercial transactions, professional liability, or breach of warranty, and involving willful, wanton, or gross misconduct[.]"[1]
Subsection (2) of the statute allocated punitive damage awards as follows:
(a) Sixty-five percent of the award is payable to the claimant. (b) If the cause of action was based on personal injury or wrongful death, 35 percent of the award is payable to the Public Medical Assistance Trust Fund; otherwise, 35 percent of the award is payable to the General Revenue Fund.
The clerk of the court was required to transmit a copy of the jury verdict to the State Treasurer by certified mail and, in the final judgment, the court ordered the percentages of the award payable as set forth above.[2]
Pursuant to section 768.73(5), Florida Statutes:
The Department of Banking and Finance shall collect or cause to be collected all payments due the state under this section. Such payments are made to the Comptroller and deposited in the appropriate fund specified in subsection (2).
Your question relates to the period of time during which the Comptroller is responsible for pursuing these payments in light of the repeal of these provisions.
Section 2, Chapter 92-85, Laws of Florida, added the language codified as subsections (3) and (5), quoted above.[3] The act included a repealer clause: "[s]ubsections (2), (3), (4), (5), (6), and (7) of section 768.73, Florida Statutes, are repealed effective July 1, 1995, and shall be reviewed by the Legislature before that date."[4]
The statute created an integrated scheme by which the punitive damage award would be allocated, the clerk notified the state, the judge memorialized the award, and the state collected payments when it was notified that they were due and owing. However, as of July 1, 1995, the statutory scheme no longer exists and the responsibilities imposed by the statute need no longer be performed by any of those charged. Because section 768.73(2), Florida Statutes, which allocates 35 percent of damage awards to the state, has been repealed, the Department of Banking and Finance can no longer collect such awards.
Based on the language of section 768.73, Florida Statutes, the state receives notice of the jury's verdict from the clerk of the court. Legislative history relating to this amendment reveals that it was the intent of the Legislature to guarantee that the state would collect its proportionate share of a punitive damage award regardless of subsequent actions by the parties in the case. Thus, discussion of the amendment in the Senate Judiciary Committee indicates that the purpose of the amendment was to vest a 35-percent share of the award in the state once a verdict had been rendered.[5] Should the parties enter into a settlement agreement after a verdict had been rendered, section 768.73(4), Florida Statutes, required that:
[The agreement] must provide a proportionate share payable to the fund specified in paragraph (2)(b). For purposes of this subsection, a proportionate share is a 35-percent share of that percentage of the settlement amount which the punitive damages portion of the verdict bore to the total of the compensatory and punitive damages in the verdict.
Thus, in amending section 768.73, Florida Statutes, the Legislature sought to ensure that the state received its proportionate share of punitive damages awarded in those actions covered by the statute. This right vests at the time the jury verdict is entered, and the clerk of court is required to notify the state of its interest.
However, while the state's interest vested at the time the jury verdict was returned, the state had no right to pursue enforcement prior to the entry of a final judgment.[6] In fact, the statute recognized that upon final resolution of the case the full amount of damages could not be collected, and provided that in this event, "the claimant and the other recipient designated pursuant to paragraph (2)(b) are each entitled to a proportional share of the punitive damages collected."[7]
Therefore, in response to the several situations with which you have specifically requested assistance, the conclusions set forth above may be applied as follows:
1. The Department of Banking and Finance is authorized to collect its share of punitive damages pursuant to section 768.73, Florida Statutes, in a case where the jury verdict awarding punitive damages was rendered prior to the repeal date but the final judgment of the trial court was entered after the repeal date. Thus, in those cases in which a jury verdict was forthcoming prior to July 1, 1995, the state may proceed to enforce its 35 percent share even in the event that the judge's order was entered subsequent to July 1, 1995.
2. The Department of Banking and Finance may pursue the collection of punitive damage awards under section 768.73, Florida Statutes, in a situation where the final judgment of the trial court was rendered prior to the repeal date, but the time in which to appeal the order had not expired prior to the repeal. As discussed above, the state's claim is based on the entry of a jury verdict, although enforcement may be delayed pending the filing and resolution of any appeal.
3. The Department of Banking and Finance may commence proceedings for the collection of punitive damages if the final judgment of the trial court was rendered prior to July 1, 1995, but the mandate of the appellate court affirming the award of punitive damages was not rendered until after the repeal date. A court may choose not to allow enforcement of the award during the pendency of the appeal but may require the posting of a supersedeas bond by the party against whom the punitive damages were assessed.
4. The Department of Banking and Finance may not proceed to enforce the collection of an award under section 768.73, Florida Statutes, in a case where the cause of action arose prior to the repeal date of the statute but the lawsuit was filed after the repeal date as no jury verdict was entered prior to July 1, 1995.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 768.73(1)(a), Fla. Stat. (1995).
[2] Section 768.73(3), Fla. Stat. (1995).
[3] Chapter 92-85, Laws of Florida, also changed the percentages of punitive damages payable to the claimant and to the state. Prior to this change the statute provided that 40 percent of the award was to go to the claimant and 60 percent was payable to the state. See, s. 2, Ch. 92-85, Laws of Florida.
[4] Section 3, Ch. 92-85, Laws of Florida.
[5] Audio Tape of Senate Judiciary Committee Meeting of February 27, 1992, considering SB 582.
[6] Norwich Union Indemnity Company v. Willis, 168 So. 418 (Fla. 1936), rehearing denied, 168 So. 421 (Fla. 1936). See, e.g., Fla.R.Civ.P. 1.550 ("No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or re-hearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.").
[7] Section 768.73(6), Fla. Stat. (1995).